UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JUAN VARGAS, on behalf of himself and all other similarly situated,

                           Plaintiff,

-against-

CHARLES W. HOWARD and CALL-A-HEAD CORP.,

                           Defendants.

---

Index No. 15-cv-5101

**COMPLAINT**

Plaintiff Juan Vargas, on behalf of himself and those similarly situated by their attorneys, The Marlborough Law Firm, P.C. and Slater Slater Schulman LLP, complaining of Defendants Charles W. Howard ("Howard") and Call-A-Head Corp. ("Call-A-Head", collectively with Howard, "Defendants"), respectfully alleges, upon information and belief, the following:

**PRELIMINARY STATEMENT**

1. Defendants maintain and operate a portable toilet delivery and sanitation business through Defendant Call-A-Head. The company services the five boroughs of New York City, Nassau, Suffolk and Westchester counties.

2. The company's motto and registered trademark is "We're #1 at picking up #2." Defendants boast on their website that Call-A-Head provides "superior service [with] uniformed professional service technicians." Unfortunately, Defendants do not treat their service technicians like number one. Instead, Defendants willfully fail to pay them overtime pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and New York Labor Laws § 160 *et seq.* ("NYLL").

3. According to a recent press release issued by Defendants, Call-A-Head "commands 70% of New York's portable toilet market with the other 30% divided among the

1

remaining 20+ New York companies." Defendants maintain their edge over the competition through anticompetitive means: by failing to pay their workers in accordance with the overtime provisions of the FLSA and the NYLL, keeping their payroll costs lower than honest competitors.

4. Defendants have intentionally failed to pay Plaintiff and other similarly situated workers anything beyond the first ten hours of work each day. Plaintiff and the similarly situated service technicians worked up to thirty uncompensated overtime hours in a week.

5. Defendants have been sued at least six times in seven years for this same unlawful practice. In each case, they simply settled with the individual plaintiffs, but willfully continued to impose their unlawful policy upon the rest of their service technicians.

6. For Defendants' failure to pay overtime, Plaintiff seeks, on behalf of himself and other similarly situated workers, compensatory damages for Defendants' violation of the overtime provisions of the FLSA and the NYLL, liquidated damages and attorneys' fees, interest and costs. Plaintiff also seeks to recover damages for Defendants failure to comply with the notice requirements of the Wage Theft Prevention Act on behalf of himself and a Rule 23 class of similarly situated workers.

## PARTIES

7. Plaintiff is a resident of the State of New York.

8. Plaintiff is a covered employee within the meaning of the FLSA and the NYLL.

9. At all times during the last six years, Plaintiff has been employed by Defendants as a portable toilet service technician.

10. At all times during the last six years, Plaintiff has serviced portable toilets for Defendants throughout the five boroughs of New York City, Westchester and Long Island.

11. Upon information and belief, Defendant Howard is domiciled in Broad Channel, Queens County, New York.

12. Defendant Howard is President, Chairman and Chief Executive Officer of Call-A-Head. He is in active control and management of Call-A-Head, regulates the employment of persons employed by Call-A-Head, acts directly and indirectly in the interest of Call-A-Head in relation to the employees, and is thus an employer of Plaintiff and the prospective class members under the FLSA and the NYLL.

13. Defendant Howard is also one of the ten largest shareholders of Call-A-Head. Plaintiff served Defendant Howard with a notice pursuant to New York Business Corporation Law § 630 prior to filing this lawsuit.

14. Defendant Call-A-Head is a domestic corporation duly organized under and existing by virtue of the laws of the State of New York.

15. Defendants Howard and Call-A-Head are "joint employers" as defined by the FLSA and the NYLL.

## JURISDICTION AND VENUE

16. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

17. This Court has supplemental jurisdiction of the claims arising under the NYLL pursuant to 28 U.S.C. § 1367, because the New York State law claims emerge from the same case or controversy under Article III of the United States Constitution.

18. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and

Defendants conduct business through their employees, including Plaintiff, within this judicial district.

19. At all relevant times, Defendants were and still are a commercial company engaged in interstate commerce, handling goods and materials that have been manufactured or produced outside of New York and are thus subject to the requirements of the FLSA.

20. At all relevant times, the amount of qualifying annual volume of business for Defendants exceeds $500,000.00, and thus subjects Defendants to the requirements of the FLSA.

## FACTS

21. Defendant Call-A-Head is a portable sanitation company providing portable toilet delivery cleaning and removal services within the State of New York.

22. Defendants employ approximately 100 workers, most of whom are employed as portable toilet service technicians. Defendants have employed numerous other service technicians within the statutory period of Plaintiffs FLSA and NYLL claims.

23. Plaintiff was hired by Defendant Howard as a portable toilet service technician in or about July 2009.

24. Plaintiff's duties included, without limitation, delivering portable toilets, cleaning portable toilets and picking up portable toilets with the five boroughs of New York City, Nassau, Suffolk and Westchester counties.

25. Plaintiff's work duties were established by Defendant Howard.

26. Plaintiff's work has been supervised by Defendant Howard continuously since he began working for Defendants.

27. At all relevant times, each of the Defendants maintained control, oversight and authority over the terms and conditions of Plaintiff's employment and the payment of his wages.

4

28. The work performed by the Plaintiff was non-exempt work, as that term is used and defined in the U.S. Department of Labor's (DOL) regulations promulgated under the FLSA and NYLL.

29. Plaintiff and other service technicians have been and are entitled to be paid at least one and one-half time their respective regular rates of pay for each hour in excess of forty (40) hours that he worked in any workweek pursuant to the FLSA § 207 and 12 NYCRR § 142-2.2.

30. Plaintiff and the other service technicians were required to work Monday through Thursday from the start of the shift until the work was completed. They were also required to work occasional Fridays and weekend days.

31. Pursuant to Defendants' policy, Plaintiff and other service technicians were required to clock in and out using a biometric timekeeping system, but only during their regular Monday through Thursday shifts.

32. Pursuant to Defendants' policy, Plaintiff and other service technicians were not permitted to record their time on Defendants' biometric timekeeping system on Fridays, Saturdays or Sundays.

33. Because Defendants actually recorded the hours worked by Plaintiff and other service technicians from Monday through Thursday, Defendants are in possession of the actual hours worked by Plaintiff and other service technicians on those days.

34. Defendants maintained a policy of paying service technicians for only the first ten hours of work per day.

35. Monday through Thursday, Plaintiff worked twelve – fifteen hour days for a total of 53 to 60 hours per week. Mondays and Wednesdays were generally the busiest days of the week for all workers.

36. On occasions when Plaintiff worked on a Friday or Saturday, he was paid some overtime, but only for the first ten hours of any shift. Plaintiff usually worked twelve-fourteen hours on those days, but was not paid at all two to four of those hours.

37. For example, if Plaintiff and other service technicians worked fifty-six hours from Monday through Thursday, and an additional fourteen hours on Friday. They would only be paid forty hours of straight time and ten hours of overtime, even though they worked seventy hours that week. They received no compensation for the twenty overtime hours.

38. Between 2012 and 2014, Defendants were required to furnish each employee with an annual notice pursuant to the Wage Theft Prevention Act, containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission; the regular pay day; the name of the employer and any "doing business as" names; the physical address of the employer's main office or principal place of business; and the telephone number of the employer. Defendants were also required to and still are required to provide these statement to each new employee.

39. Defendants failed to provide the requisite Wage Theft Prevention Act Notices to Plaintiff and other service technicians.

### *Wilfullness and the Six Prior Lawsuits*

40. At all relevant times, Defendants failure to pay overtime premium pay has been willful. Defendants have had ample notice that their practices were illegal. Indeed, they have been sued at least six times in the last seven years for failing to pay overtime to their service technicians.

41. On January 22, 2008, an action was commenced in the United States District Court for the Eastern District of New York styled, *Paulino, on behalf of himself and others similarly situated v. Call A-Head Corp., et al.*, 2008-cv-00302. The complaint in that action alleged that

Plaintiff and other workers who cleaned Defendants portable toilets usually worked fifty-five hours per week without overtime compensation. The complaint further alleged that Defendant Howard retaliated against the Plaintiff by firing him when he complained about not receiving compensation for overtime.

42. On July 17, 2008, a prospective class and collective action was commenced in the United States District Court for the Eastern District of New York styled, *Maloof, v. Call A-Head Corp., et al.* 2008-cv-02873. The complaint in that action alleged that Plaintiff and other workers who cleaned Defendants' portable toilets worked well in excess of forty hours per week, but were not compensated for hours over forty.

43. On February 9, 2009, an action was commenced in the United States District Court for the Eastern District of New York styled, *Ramirez, v. Call A-Head Corp., et al.* 2008-cv-02873. The complaint in that action alleged that the plaintiff who cleaned Defendants' portable toilets worked twelve to fourteen hours days four days per week, but was only paid for the first forty hours that he worked.

44. On January 25, 2010, an action was commenced in the United States District Court for the Eastern District of New York styled, *Sabino, et al. v. Call A-Head Corp., et al.* 2010-cv-00317. The complaint in that action alleged that one of the plaintiffs who cleaned Defendants' portable toilets worked approximately sixty hours per week, four days a week, but was only paid for forty hours of work.

45. On June 17, 2013, a prospective collective action was commenced in the United States District Court for the Eastern District of New York styled, *Carman, et al. v. Call A-Head Corp., et al.* 2013-cv-03429. The complaint in that action alleged that the plaintiff, who cleaned Defendants portable toilets, and other similarly situated workers worked sixty hours per week, four

days a week, but were generally not paid anything for hours above the first forty hours.

46. On June 5, 2014, an action was commenced in the United States District Court for the Eastern District of New York styled, *Aduleit v. Call A-Head Corp., et al.* 2014-cv-03531. The complaint in that action alleged that the plaintiff who cleaned defendants portable toilets, worked up to 56 hours per week, four days a week, was generally not paid anything for hours above the first forty hours.

47. Each of these cases describe the same signature practice, requiring service technicians to work well more than forty hours per week, but paying them for only ten hours per shift, or forty hours per week.

48. Each of these cases, was settled or otherwise resolved prior to a hearing on the merits or conditional certification of a class of similarly situated workers.

49. After each of these cases was resolved, Defendants continued the same practice in violation of the FLSA and NYLL.

50. Defendants know they are violating the law. Rather than change their policy, Defendants are treating the multiple lawsuits as a cost of doing business. However, that business violates state and federal laws against worker exploitation.

## COLLECTIVE ACTION ALLEGATIONS

51. Plaintiff bring his FLSA claim on behalf of himself and all other portable toilet service technicians who were or are employed by Defendants pursuant to 29 U.S.C. §216(b).

52. Employees are "similarly situated" for the purposes of FLSA collective wage suits because they are subject to a common policy, plan, or design.

53. Plaintiff brings the FLSA claim on behalf of themselves and others similarly situated, namely employees of Defendants who worked as portable toilet service technicians at

8

Call-A-Head from the period of June 15, 2012 to the date of final judgment in this matter, and who were not paid overtime wages for all hours worked in excess of forty (40) hours per week ("hereinafter referred to as the "the Service Technician Collective.")

54.     Upon information and belief, the Service Technician Collective consists of no less than (100) similarly situated individuals who have not been paid all overtime wages due, and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit.

55.     Upon information and belief, Defendants have failed to pay overtime to employees other than those in the Service Technician Collective, and Plaintiff reserves the right to broaden their definition of the collective group and/or add subgroups to this claim as additional members are discovered.

56.     Those similarly situated potential collective members are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## CLASS ACTION ALLEGATIONS

57.     Plaintiff brings his state law claims on behalf of himself and other similarly situated as a representative of a class of all portable toilet service technicians.

58.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for purposes of the state law claims, Plaintiff seeks the certification of a class of all persons who, during the relevant time period from six years before the date of filing of this complaint to the date of final judgment in this matter, have been employed by Defendants as portable toilet service technicians (hereinafter referred to as the "Service Technician Class").

59.     Upon information and belief, the Service Technician Class includes no less than one hundred (100) similarly situated individuals who would benefit from the issuance of a court-

supervised notice of the lawsuit and the opportunity to join the lawsuit.

60. The class is so numerous as to make it impracticable to join all members of the class as plaintiffs.

61. There are questions of law and fact common to all members of the class and those questions predominate over any question affecting only individual class members. Defendants have acted on grounds generally applicable to all class members, in that Defendants' acts and omissions constitute a violation of the overtime and Wage Theft Prevention Act notification laws of the State of New York.

62. Common questions of law and fact include, but are not limited to, the following:

   a. Whether Defendants have consistently failed to pay Plaintiff and class members overtime wages at one and one-half times their regular rate of pay as required by the NYLL;

   b. Whether Defendants have, in failing to make required payments to Plaintiff and others similarly situated, acted willfully and with the intent of depriving members of the class of such compensation; and

   c. Whether Defendants have failed to provide Wage Theft Prevention Act notices to its employees as required by New York Law.

63. Plaintiff's overtime and Wage Theft Prevention Act claims and Defendants' anticipated affirmative defenses thereto are typical of the claims of all class members and of Defendants' anticipated affirmative defenses thereto.

64. Plaintiff will fairly and adequately protect the interests of all class members in the prosecution of this action and in the administration of all matters relating to the claims of the class. Plaintiff is similarly situated to, and has suffered similar injuries as, the members of the class they

seek to represent.

65. Plaintiff has retained counsel capable of handling class action suits. Neither Plaintiff nor his counsel has an interest which is in conflict with the class or which might cause them not to vigorously pursue this action.

66. Pursuant to F.R.C.P. 23(b)(3), class certification is appropriate here because questions of law or fact common to members of the class predominate over any questions affecting only individual members and because a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## AS AND FOR THE FIRST CAUSE OF ACTION
*(Overtime Under the FLSA)*

67. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

68. Plaintiff brings this class on behalf of himself and the members of the Service Technician Collective.

69. Plaintiff is a covered employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

70. At all relevant times, Defendants were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

71. At all relevant times, Defendants annual volume of business has exceeded $500,000.00, and thus subjects Defendants to the requirements of the FLSA.

72. As the Defendants shared control of the services of the Plaintiff, Defendants are a joint employer as defined by the FLSA.

73. At all relevant times, Defendants were subject to the overtime wage requirements set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*

74. Defendants expected and required Plaintiff to work more than forty (40) hours a week, and Plaintiff regularly worked more than forty (40) hours a week throughout his employment.

75. Defendants willfully, knowingly and intentionally did not compensate Plaintiff for overtime at a rate of one and one half times his hourly rate of pay for all of the hours he worked in excess of forty (40) hours a week.

76. As a result of Defendants' violations of the law and failures to pay Plaintiff required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorney fees, interest, and costs, pursuant to 29 U.S.C. § 216(b).

77. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiff was in compliance with the law, Plaintiff is entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR THE SECOND CAUSE OF ACTION
*(Overtime Under the NYLL)*

78. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

79. Plaintiff brings this class on behalf of himself and the members of the Service Technician Class.

80. At all relevant times, Defendants were subject to the overtime wage requirements set forth in Article 19 of the NYLL.

81. Pursuant to NYLL § 650 *et seq.* and 12 NYCRR 142-2.2, non-exempt employees are required to be paid one and one-half times the employees' regular rate of pay for any hours in excess of forty (40) worked in any workweek.

82. Defendants expected Plaintiff to work more than forty (40) hours a week, and Plaintiff regularly worked more than forty (40) hours a week throughout his employment.

83. At no time have the Defendants paid Plaintiff a rate of one and one-half times his hourly rate of pay for all of the hours he worked in excess of forty (40) hours per week.

84. Defendants willfully, knowingly and intentionally did not compensate Plaintiff for overtime at a rate of one and one half times his hourly rate of pay for all of the hours he worked in excess of forty (40) hours per week.

85. As a result of Defendants' violations of the law and failures to pay Plaintiff required regular and overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorney fees, interest, and costs, pursuant to NYLL §§ 195 and 198.

86. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiff was in compliance with the law, Plaintiff is entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL § 198.

### AS AND FOR THE SECOND CAUSE OF ACTION
*(Wage Theft Prevention Action Notification Under the NYLL)*

87. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

88. Plaintiff brings this class on behalf of himself and the members of the Service Technician Class.

89. Defendants were obligated to provide Plaintiff and other Service Technician Class members with Wage Theft Prevention Act notifications of pay rates beginning upon the commencement of their employment since 2011 and annually from 2012-2014.

90. At all relevant times, Defendants failed to provide Plaintiffs and the Service Technician Class with the Wage Theft Prevention Act notifications, as required by NYLL § 195.

91. As Defendants failed to provide Plaintiff and the Service Technician Class with proper Wage Theft Prevention Act Notices, annually from 2012-2014 and upon the commencement of their employment from 2011 to February 26, 2015 as required by NYLL § 195, Plaintiffs are entitled to liquidated damages in the amount of $50.00 per week, up to a maximum of $2,500.00, along with all reasonable attorney fees and costs.

92. Moreover, with respect to Defendants failure to provide the members of the Service Technician Class with proper Wage Theft Prevention Act Notices, upon the commencement of their employment on or after February 27, 2015, Plaintiffs are entitled to liquidated damages in the amount of $50.00 per day, up to a maximum of $5,000.00, along with all reasonable attorney fees and costs, pursuant to NYLL § 195.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests, pursuant to FRCP 38(b) a jury trial on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on his own behalf and on behalf of all other similarly situated persons, seeks the following relief:

A. On the First Cause of Action, an award of all overtime wages due, an additional award of one hundred percent of all wages, costs and all reasonable attorney fees, in an amount to be determined by this Court;

B. On the Second Cause of Action, an award of all overtime wages due, an additional award of liquidated damages, interest, costs and all reasonable attorney fees in an amount to be determined by this Court;

C. On the Third Cause of Action, an award of statutory of up to $2,500 to EACH Plaintiff pursuant to NYLL 198(1-b); and

D. Such other and further relief as is just and proper.


Dated: New York, New York
       June 30, 2015

Respectfully submitted,

By: _____
Anthony R. Portesy (AP-3804)
**SLATER SLATER SCHULMAN LLP**
445 Broad Hollow Road, Suite 334
Melville, NY 11747
(631) 420-9300
aportesy@sssfirm.com


**THE MARLBOROUGH LAW FIRM, P.C**

By: _____
Christopher Marlborough (CM-6107)
445 Broad Hollow Road, Suite 400
Melville, NY 11747
(212) 991-8960
chris@marlboroughlawfirm.com