United States District Court
Southern District of New York
---------------------------------------------------------------------x
JUAN VARGAS, individually, and on behalf of all
Others similarly situated,

                        Plaintiff,                 Index No.: 15-CV-5101 (DCF)

v.

CHARLES W. HOWARD and
CALL-A-HEAD CORP.,

                        Defendants.
---------------------------------------------------------------------x

*DF*     **[~~PROPOSED~~] Final Order Granting Plaintiff Class Representatives' Motions 1) for Final Approval of the Class Action Settlement And Approval of The FLSA Settlement; and 2) for Attorneys' Fees and Reimbursement of Expenses and Service Awards**

       The above-entitled matter came before the Court on Plaintiff Class Representatives' Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement, and Approval of the FLSA Settlement ("Motion for Final Approval"), and Motion for Approval of Attorneys' Fees and Reimbursement of Expenses ("Motion for Fees, Expenses and Service Awards"). After reviewing the papers in support of the Motions for Final Approval, and Motion for Fees, Expenses and Service Awards and supporting declarations and exhibits, the arguments of counsel during the October 13, 2020 Fairness Hearing, and all other materials properly before the Court, the Court hereby finds and orders as follows:

       A.     On September 29, 2020, Plaintiff Class Representatives Juan Vargas, Ricardo Whittaker, Edward Kubinski, Peter Fowler, and Gerolamo Genova ("Class Representatives") filed their Motion for Fees, Expenses and Service Awards.

B.     On September 29, 2020, Class Representatives filed their Motion for Final Approval with respect to the proposed Stipulation of Settlement Agreement and Release ("Settlement Agreement").

C.     All capitalized terms in this Order with respect to the Settlement Agreement that are not otherwise defined have the same meaning as in the Settlement Agreement.

NOW THEREFORE, after due deliberation and for good cause, this Court hereby ORDERS that:

1.     The Court finds that the Settlement Agreement is fair, reasonable and adequate and should be approved on a final basis. The Settlement will ensure payment to Class and FLSA Collective Members and avoid the risk and expense of continued litigation.

2.     The Court has reviewed the terms and conditions of the Settlement Agreement, including the monetary relief provisions, the plan of allocation, and the releases of claims. Based on its review of the Settlement Agreement, Plaintiffs' Memorandum of Law, and the Court's familiarity with this case, the Court finds that the Settlement Agreement is the result of extensive, arm's-length negotiations between the Parties after Class Counsel and Defendants' Counsel had fully investigated the claims and became familiar with the strengths and weaknesses of the claims. Based on all of these factors, the Court finds that the Settlement Agreement has no obvious defects and is within the range of settlement approval.

3.     The Court finds that there were no written objections to the Settlement and that two individuals opted out of the Settlement.

4.     The Parties' dissemination of the Notice to the Class via First Class United States Mail to the last known address of each Class Member was in accordance with Section 2.3 of the Settlement Agreement. The Court finds that the procedures for notifying the Class Members

about the settlement constituted the best notice practicable under the circumstances to all Class Members, and fully satisfied all necessary requirements of due process. Based on the evidence and other materials submitted to the Court, the Notice to the Class Members provided adequate, due, sufficient and valid notice of the Settlement.

5. The Court appoints Make the Road, New York as the *cy pres* recipient as provided for in the Settlement.

6. Based on the foregoing, the Court grants final approval of the Class Action Settlement.

7. Based on the foregoing, the Court grants approval of the FLSA Settlement. The settlement is the product of contested litigation to resolve *bona fide* disputes and satisfies the requirements set forth by the Second Circuit in *Cheeks v. Freeport Pancake House Inc.*, 796 F.3d 199 (2015).

8. The Court approves the requested Service Awards in the amount of Ten Thousand Dollars ($10,000.00) to each of the five Class Representatives and Three Thousand Dollars ($3,000) each to Class Members Jeury Marte and Carlos Velazquez for their service and assistance in the prosecution of the litigation.

9. Class Counsel's request for attorneys' fees of $2,380,000 in this action is approved. Accordingly: 1) The Marlborough Law Firm, P.C. is hereby awarded $833,000 to be paid to the Seventh Amendment Qualified Settlement Fund in trust for the Marlborough Law Firm, P.C.; and 2) Slater Slater Schulman is hereby awarded $1,547,000.00 in attorneys' fees. The total attorneys' fees awarded amount to one-third of the $7,140,000.00 Gross Settlement Fund. Class Counsel are well qualified, experienced, and have aggressively litigated this action. The Court finds that these amounts are justified by the work performed, risks taken, and the

results achieved by Class Counsel.

10. Slater, Slater Schulman's request for reimbursement of expenses and costs is hereby granted. The firm is hereby awarded $77,834.50 in litigation costs and expenses, which the Court finds were reasonably incurred in prosecution of the Litigation.

11. The Court hereby awards Angeion Group, the Court appointed administrator for the Settlement for its actual costs and fees in connection with the administration of the Settlement estimated by Angeion to be $170,000. The Court finds that these fees and costs are reasonable in light of the work performed to date and the work to be performed in administering the Settlement.

12. The Settlement Claims Administrator will distribute the Settlement Checks, including Service Awards, and Class Counsel's Fees and Costs in accordance with the terms of the Settlement Agreement.

13. The Settlement Claims Administrator is ordered to provide verification to Class Counsel and Defendants' Counsel of each distribution of Settlement Checks and withholdings information, and to retain copies of all endorsed Settlement Checks.

14. This Litigation is dismissed with prejudice as to all Class Members, as are all Released State Law Claims asserted in the Litigation, including the claims of all Class Members who did not opt out. This Order shall have res judicata and collateral estoppel effect with respect to all Released State Law Claims.

15. Class Members who negotiate a settlement check, will thereby release all Released FLSA Claims as that term is used in the Settlement Agreement and will be barred and permanently enjoined from asserting otherwise.

16. The Court will issue a separate Order concerning the settlement of non-Class

Member Marvin Esquivel.

17. The Court will retain jurisdiction over the interpretation and implementation of the Settlement Agreement, as well as any and all matters arising out of, or related to, the interpretation or implementation of the Settlement Agreement.

18. The Court finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay, and directs the Clerk to enter this Order.

It is so ORDERED this 14th day of Oct., 2020.

Hon. Debra C. Freeman
United States Magistrate Judge