UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JUAN VARGAS, individually, and on behalf of all others similarly situated,

        Plaintiffs,

  -against-

CHARLES W. HOWARD and CALL-A-HEAD CORP.,

        Defendants.

---

15cv05101 (DF)

**ORDER OF DISMISSAL OF CLAIMS OF MARVIN ESQUIVEL**

**DEBRA FREEMAN, United States Magistrate Judge:**

  In this action under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), which is before this Court on the consent of the parties pursuant to 28 U.S.C. § 636(c), the parties have negotiated a class-action settlement, which, by separate Order, this Court has approved as fair, reasonable, and adequate. The parties determined, however, that FLSA opt-in plaintiff Marvin Esquivel was not a member of the certified class, and that his duties and circumstances differed from those of other class members. Upon concluding that Mr. Esquivel's claims therefore should not be covered by the class settlement, counsel separately negotiated a settlement agreement resolving Mr. Esquivel's FLSA and NYLL claims, and the parties to that agreement have placed it before the Court for approval. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 1999 (2d Cir. 2015) (requiring judicial fairness review of FLSA settlements). The parties have also submitted a letter to the Court, explaining why they believe the proposed settlement of Mr. Esquivel's claims is also fair, reasonable, and adequate. (Dkt. 319.) The Court has reviewed the parties' submission in order to determine whether the proposed agreement (Dkt. 319-1) represents a reasonable compromise of Mr. Esquivel's asserted claims, and, in light of the totality of the relevant circumstances, including the representations

made in the parties' letter, the terms of the proposed settlement agreement, the context in which it was negotiated, and the Court's general familiarity with this case, it is hereby ORDERED that:

1. The Court finds that the terms of the proposed settlement agreement for Mr. Esquivel are fair, reasonable, and adequate, both to redress his claims in this action and to compensate his counsel for their legal fees, and the agreement is therefore approved.

2. The Court notes that the proposed settlement agreement for Mr. Esquivel expressly contemplates that this Court will retain jurisdiction over this action for purposes of enforcement of the agreement.  (*See* Dkt. 25-1 ¶ 10.)  In light of this, and in order to effectuate the evident intent of the parties, this Court will retain jurisdiction over this matter for the purpose of enforcing the settlement agreement.

3. As a result of the Court's approval of the executed settlement agreement, the claims of opt-in plaintiff Marvin Esquivel are hereby discontinued with prejudice and without costs or fees to any party.  In light of the Court's separate Order granting final approval of the class-action settlement of the remaining plaintiffs' claims, the Clerk of Court is directed to close this case on the Docket of the Court.

Dated: New York, New York
       October 14, 2020

SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge

Copies to:

All counsel (via ECF)